**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                         Case No. 11-20233

MICHAEL JEROME HENRY,

    Defendant.
                                                    /

**OPINION AND ORDER DENYING DEFENDANT'S "MOTION TO DECLARE MANDATORY CONSECUTIVE MINIMUM SENTENCING UNCONSTITUTIONAL"**

On October 18, 2013, a jury convicted Defendant Michael Henry of three counts of bank robbery in violation of 18 U.S.C. § 2113(a) and three attendant counts of using, carrying, and possessing a firearm in violation of 18 U.S.C. § 924(c).  The Presentence Investigation Report (PSR) calculated a sentencing guideline range of 63 to 78 months on the bank robbery counts and mandatory minimum consecutive sentences amounting to fifty-five years on the firearm counts.  Defendant has filed a "Motion to Declare Mandatory Consecutive Minimum Sentencing Unconstitutional."  He does not dispute the PSR's calculations but instead argues that the mandatory minimum sentences applicable to him violate separation of powers, his due process right to an individualized sentence, the equal protection clause, and would constitute cruel and unusual punishment.  The matter is fully briefed, and no hearing is needed.  *See* E.D. Mich. LR 7.1(f)(2).  For the following reasons, the court will deny Defendant's motion.

## I.  SEPARATION OF POWERS

Defendant first argues that the mandatory minimum sentences applicable to him violate separation of powers principles by transferring sentencing power away from the judiciary to the executive branch.  But as he concedes, the Sixth Circuit has "flatly rejected" this argument.  See *United States v. Cecil*, 615 F.3d 678, 696 (6th Cir. 2010) (citing *United States v. Odeneal*, 517 F.3d 406, 414 (6th Cir. 2008)).  Despite his concession, Defendant argues that "[i]t is one thing to 'curtail' judicial discretion in sentencing, it is a completely different scenario, when, as here, the judge's discretion to impose a sentence is completely eviscerated by the prosecutor's power via its charging power to trigger specific mandatory consecutive minimums."  (Dkt. # 62, Pg. ID 216.) Defendant's argument amounts to a distinction without a difference.  It is well established that "Congress . . . has the power to fix the sentence for a federal crime, and the scope of judicial discretion with respect to a sentence is subject to congressional control."  *Mistretta v. United States*, 488 U.S. 361, 364 (1989) (internal citation omitted).  Moreover, "Congress can constitutionally eliminate all discretion in sentencing judges by establishing mandatory sentences."  *United States v. Dumas*, 934 F.2d 1387, 1389–90 (6th Cir. 1990).  Finally, the court notes that in *Odeneal*, one of the defendants argued that the statutory mandatory sentence he received violated the separation of powers doctrine because it shifted discretion from the court to the prosecutor.  *Odeneal*, 517 F.3d at 414.  The mandatory consecutive minimum sentences that Defendant faces do not violate separation of powers principles.

## II.  DUE PROCESS RIGHT TO AN INDIVIDUALIZED SENTENCE

Defendant's next argument—that the mandatory minimum sentences he faces violate his due process right to an individualized sentence—fares no better than his first. The Sixth Circuit has stated that "there is no constitutional right to individualized sentencing in non-capital cases." *Odeanal*, 517 F.3d at 415.  However, as Defendant points out, an unpublished Sixth Circuit opinion did question this proposition, stating that, "[i]t is not fully settled whether there is such a constitutional right, though some precedent in this Circuit may have suggested otherwise." *United States v. Corum*, 354 F. App'x 957, 963 (6th Cir. 2009).  Yet Defendant does not pursue this line of argumentation and instead contends that, "[e]ven accepting a lack of a constitutional right, there can be little question[] that there is a 'clear statutory right embodied in 18 U.S.C. § 3553(a) to have the district court individually assess 'all factors brought to their attention by a defendant.'" (Dkt. # 62, Pg. ID 218.)  The Sixth Circuit has definitively rejected this identical argument:  "When it comes to rigid minimum sentences, we acknowledge the tension with section 3553(a), but that very general statute cannot be understood to authorize courts to sentence below minimums specifically prescribed by Congress."  *United States v. Marshall*, 736 F.3d 492, 500 (6th Cir. 2013) (citing *Cecil*, 615 F. 3d at 695).  The mandatory consecutive minimum sentences applicable to Defendant do not violate his due process right to an individualized sentence.

## III.  THE EQUAL PROTECTION CLAUSE

Defendant next argues that 18 U.S.C. § 924(c)'s consecutive mandatory minimum sentencing requirements violate the equal protection clause.  Specifically, he argues that § 924(c) does not pass muster under the rational basis test because "a

3

mandatory consecutive minimum sentence of 25 years for a second or subsequent conviction draws an arbitrary line in treating those convicted of such offense more harshly." (Dkt. # 62, Pg. ID 220.) This argument lacks merit. Under the rational basis test, a statute need only be "rationally related to legitimate government interests," *Doe v. Mich. Dep't of State Police*, 490 F.3d 491, 501 (6th Cir. 2007) (internal quotation marks and citation omitted), and "must be upheld against [an] equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification," *FCC v. Beach Commc'ns, Inc.*, 508 U.S. 307, 313 (1993). Section 924(c) readily survives rational basis scrutiny. As the Third Circuit explained in *United States v. Walker*, 473 F.3d 71 (3d Cir. 2007), many courts have reached this same conclusion:

> [I]n imposing the mandatory consecutive sentences for second or subsequent offenders in Section 924(c)(1), "[i]t is likely that Congress meant . . . to protect our communities from violent criminals who repeatedly demonstrate a willingness to employ deadly weapons by punishing them more harshly." *United States v. Couch*, 291 F.3d 251, 255 (3d Cir. 2002). The United States Court of Appeals for the Fourth Circuit has similarly noted that the significantly higher mandatory penalties for second and subsequent offenses are intended to "deter the use of firearms in the commission of crimes and to increase the cost of committing a second offense. The mandatory aspect of the sentences and the enhancement provisions in connection with a second offense reveal the strong policy of encouraging would-be criminals to leave their handguns at home." *United States v. Raynor*, 939 F.2d 191, 194 (4th Cir. 1991) *(citing United States v. Rawlings*, 821 F.2d 1543, 1546 (11th Cir. 1987)).

*Id.* at 79. The court sees no reason to deviate from these court's conclusions. The mandatory consecutive minimum sentences that Defendant faces do not violate the equal protection clause.

## IV.  CRUEL AND UNUSUAL PUNISHMENT

Like his first three arguments, Defendant's final argument, that the mandatory minimums he faces constitute cruel and unusual punishment under the Eighth Amendment lacks any basis in the law.  The Eighth Amendment to the United States Constitution certainly prohibits the infliction of "cruel and unusual punishments," U.S. Const. amend. VIII, but the Amendment "forbids only extreme sentences that are 'grossly disproportionate' to the crime."  *Harmelin v. Michigan*, 501 U.S. 957, 1001 (Kennedy, J., concurring) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)); *see also Graham v. Florida*, 560 U.S. 48, 59–60 (citations omitted) (reading *Harmelin* as stating "that the Eighth Amendment contains a 'narrow proportionality principle,' that 'does not require strict proportionality between crime and sentence' but rather 'forbids only extreme sentences that are grossly disproportionate to the crime'").  As the Government explains, "[n]o credible argument can be made that there is a gross disparity between a life sentence and a thrice convicted armed bank robber, especially after *Harmelin*." (Dkt. # 63, Pg. ID 228.)  The mandatory consecutive minimum sentences applicable to Defendant do not constitute cruel and unusual punishment.

## V.  CONCLUSION

IT IS ORDERED that Defendant's "Motion to Declare Mandatory Consecutive Minimum Sentencing Unconstitutional" (Dkt. # 62) is DENIED.

                                      s/Robert H. Cleland  
                                      ROBERT H. CLELAND  
                                      UNITED STATES DISTRICT JUDGE

Dated:  June 16, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 16, 2014, by electronic and/or ordinary mail.

                                                   s/Lisa Wagner
                                                  Case Manager and Deputy Clerk
                                                  (313) 234-5522