**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                 Case No. 11-20233

MICHAEL HENRY,

    Defendant.
                                          /

**OPINION AND ORDER DETERMINING INAPPLICABILITY OF "FIRST STEP ACT"
AND DENYING DEFENDANT'S MOTION FOR VARIANCE**

In 2013, Defendant Michael Henry was convicted by a jury of three counts of bank robbery and three counts of using a firearm in the commission of a felony. Since this verdict, Defendant has challenged his convictions with varying degrees of success. He was granted a new trial in 2015, where he was again convicted, and has twice been sentenced by this court. Defendant is currently awaiting his third resentencing before this court and has filed a Motion for Variance. His motion is based, in part, on the recently enacted First Step Act of 2018, 115 Pub. L. 391 (2018). For the reasons explained below, the court will deny Defendant's motion.

**I. BACKGROUND**

The Sixth Circuit summarized a large portion of the procedural history of this case:

> Police arrested Henry, who confessed to the first two robberies but denied any involvement in the third. A grand jury indicted him for three counts of bank robbery. See 18 U.S.C. § 2113. Each robbery charge came with a federal firearms charge. See id. § 924(c)(1). Henry pleaded not guilty, but a jury convicted him on all six counts.

> Henry appealed the firearms conviction arising from the second robbery and the robbery and firearms convictions arising from the third robbery. We affirmed his bank robbery conviction. *United States v. Henry*, 797 F.3d 371, 374-77 (6th Cir. 2015). But we reversed the firearm convictions predicated on his second and third robberies because the district court did not instruct the jury that Henry had to have "advance knowledge" that a real firearm would be used in connection with each robbery. *Rosemond*, 134 S. Ct. at 1243.
>
> On remand, a properly instructed jury convicted Henry on both § 924(c) charges. The presentence report recommended a Guidelines range of 70 to 87 months for the three federal bank robbery charges. It noted that his first conviction under § 924(c) came with a mandatory minimum sentence of 60 months, while his second and third convictions came with mandatory minimum sentences of 300 months apiece. The report noted that the statute required Henry to serve all three firearms sentences consecutively. 18 U.S.C. § 924(c)(1)(A)(i), (C)(i), (D)(ii). All told, the report recommended a Guidelines range of 730 to 747 months. After adopting the recommended Guidelines range and reviewing the relevant sentencing factors, the district court sentenced Henry to 738 months in prison.

*United States v. Henry*, 722 F. App'x 496, 498 (6th Cir. 2018).

Defendant appealed his 738-month sentence. The Sixth Circuit affirmed both of his firearms convictions but "remand[ed] for the limited purpose of resentencing Henry in light of *Dean*." *Henry*, 722 F. App'x at 501.

In *Dean v. United States*, 137 S.Ct. 1170 (2017), the Supreme Court held that a "district court was permitted to consider, but not required to consider, the mandatory minimum sentences imposed by § 924(c) when deciding whether to depart from the Guidelines sentence for predicate crimes." *Henry*, 722 F. App'x at 500–01 (summarizing *Dean*).

In anticipation of resentencing, Defendant filed a Motion for Variance in which he argues that he is eligible for relief under the First Step Act. Sentencing Defendant pursuant to the First Step Act would drastically reduce the mandatory minimum sentences he faces for his § 924(c) firearm convictions. Defendant also highlights

2

several factors under 18 U.S.C. § 3553(a) to support his request for a variance. The Government responds that the First Step Act does not apply at Defendant's resentencing and that a variance is not appropriate based on the seriousness of his offenses.

## II. DISCUSSION

Defendant highlights several factors under 18 U.S.C. § 3553(a) that support his request for a variance. In his discussion of the severity of his offenses, he asserts that the mandatory sentence he would receive under the First Step Act for his § 924(c) convictions is more than sufficient to satisfy the goals of sentencing. (ECF No. 146, PageID.1986–1987.) The court begins by addressing Defendant's eligibility under the First Step Act and then turns to his additional reasons for variance under § 3553.

### A. The First Step Act

The First Step Act is a wide-sweeping piece of criminal justice reform legislation that was signed into law on December 21, 2018. First Step Act of 2018, 115 Pub. L. 391 (2018). Relevant to this motion, the First Step Act abrogates the Supreme Court's holding in *Deal v. United States,* 508 U.S. 129 (1993), which allowed for enhanced penalties to apply to multiple § 924(c) convictions in the same indictment, even when the defendant—such as Defendant in this case—did not have any previous § 924(c) convictions. Section 403 of the First Step Act amends 28 U.S.C. § 924(c) as follows:

> (a) In General.—Section 924(c)(1)(C) of title 18, United States Code, is amended, in the matter preceding clause (i), by striking 'second or subsequent conviction under this subsection' and inserting 'violation of this subsection that occurs after a prior conviction under this subsection has become final'.
>
> (b) Applicability to Pending Cases. – This section, and the amendments made by this section, shall apply to any offense that was committed before the date of

enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment.* (emphasis added)

Importantly, § 403(b) of the First Step Act specifically defines the class of individuals to which the act affords relief. Although Defendant's offenses occurred well before the First Step Act's date of enactment, his entitlement to relief turns on the narrow issue of whether the court "imposed" a sentence for his § 924(c) convictions as of December 21, 2018.

The Sixth Circuit did not vacate any of Defendant's convictions in its most recent order. Instead, it remanded "for the limited purpose of resentencing Henry in light of *Dean.*" *Henry*, 722 F. App'x at 501. The Sixth Circuit rejected all of Defendant's challenges to his § 924 convictions on appeal. Therefore, the Sixth Circuit's instructions to resentence Defendant "in light of *Dean*" implicate only Defendant's bank robbery convictions because *Dean* involved the information sentencing courts could consider in formulating sentences for *predicate offenses*, not firearm convictions subject to mandatory minimums.

The Sixth Circuit's limited scope of remand requires the court to resolve two issues before it can rule on the instant motion. First, can the court entertain at resentencing Defendant's argument that he is an eligible offender under the First Step Act? Second, is Defendant within the class of eligible offenders to which the First Step Act affords relief? The court will address each question in turn.

### 1. Defendant Can Raise at Resentencing the Issue of his Eligibility Under First Step Act

In *Dean*, the Supreme Court held that "Section 924(c) does not prevent a sentencing court from considering a mandatory minimum imposed under that provision

4

when calculating an appropriate sentence for the predicate offense." *Dean*, 137 S. Ct. at 1172. Accordingly, implicit in the Sixth Circuit's instruction to resentence Defendant "in light of *Dean*" is the requirement that this court determines the mandatory sentences facing Defendant. These mandatory sentences under § 924(c) drastically change depending on whether the First Step Act applies.[1] Thus, the Sixth Circuit's remand does not preclude Defendant from raising the issue of his eligibility under the First Step Act at resentencing because to acknowledge its *Dean* discretion, the court must necessarily consider the mandatory minimums applicable to Defendant, and the mandatory minimums will change depending on whether the First Step Act applies. This conclusion that Defendant may raise the issue of his eligibility at resentencing is also supported by persuasive precedent.

The Second Circuit recently held that a defendant in a factually similar case would be able to argue that the First Step Act applied to him at resentencing. *See United States v. Brown*, No. 18-434-CR, 2019 WL 3849553 (2d Cir. Aug. 16, 2019 ). In *Brown*, the defendant appealed his sentence for robbery and firearms convictions, arguing that it was not clear whether the sentencing court understood its ability to consider, per *Dean*, the severity of his mandatory minimum sentences under § 924(c) in formulating the sentence for his predicate robbery offenses. *Brown*, 2019 WL 3849553, at *1. Without vacating any of the defendant's convictions, the Second Circuit remanded the case for resentencing and stated that "[r]esentencing will also afford Brown the

---

[1] According to Probation Department's preliminary calculations, if Defendant is sentenced under the terms of the First Step Act, he will face a total mandatory minimum sentence of 264 months for his § 924(c) convictions. However, without the benefit of the First Step Act, Defendant's mandatory minimum sentence will be 660 months.

5

opportunity to argue that he should benefit from section 403(b) of the First Step Act." *Id.* at *4. Importantly, *Brown* did not hold that the defendant was eligible for relief under the First Step Act, just that a defendant who faces resentencing to allow the sentencing court to explicitly recognize its discretion under *Dean* may argue that he is eligible under the First Step Act.

The Third Circuit has similarly held that a defendant facing resentencing on remand could raise the issue of his eligibility under the First Step Act at resentencing. *See United States v. Aviles*, No. 18-2967, 2019 WL 4309665 (3rd Cir. 2019). In *Aviles*, the Third Circuit vacated the defendant's conviction and life sentence under the Controlled Substances Act because he did not have the two requisite felony convictions for the mandatory sentence of life imposed by the district court. As will be explained in more detail in the next section, the Third Circuit rejected the defendant's argument that he was eligible for relief under the First Step Act but expressed in dicta that the defendant could raise the issue of his eligibility under the First Step Act at resentencing. *Aviles*, 2019 WL 4309665 at *9, n.8.

Based on this persuasive precedent and the fact that a court must necessarily consider the mandatory minimums applicable to Defendant to fully consider its discretion under *Dean*, the court concludes that Defendant can properly raise the issue of his eligibility for relief under the First Step Act at resentencing. Whether Defendant is entitled to relief under the First Step Act, however, is a separate question which the court addresses below.

## 2. The First Step Act Does Not Apply to Defendant

Limited case law exists addressing the applicability of the First Step Act to defendants at resentencing. Of this limited precedent, it does not appear that any court that has addressed the issue has done so against the same procedural backdrop as this case, in which the court of appeals left undisturbed Defendant's firearm convictions under § 924(c). The cases on which Defendant relies to support his motion are easily distinguishable based on this procedural posture.

Defendant first cites *United States v. Uriarte*, No. 09-CR-332-03, 2019 WL 1858516 (N.D. Ill. Apr. 25, 2019). In *Uriarte*, the court held that § 403 of the First Step Act applied to the defendant at resentencing. The *Uriarte* defendant challenged several of his § 924(c) convictions from 2012 and 2013. *Id.* at *2. On appeal, the Seventh Circuit held that the mandatory minimum sentence for one of the defendant's § 924(c) convictions (count 8) was improperly increased based on "on an enhancement for brandishing a firearm not submitted to the jury." *Id*. The Court of Appeals vacated the defendant's conviction on count 8 and remanded for resentencing on all counts because "there was reason to believe that the entire sentencing tapestry would unravel upon the vacatur of count 8." *Id.* (summarizing *United States v. Cardena*, 842 F.3d 959, 1002 (7th Cir. 2016)). On remand, the *Uriate* sentencing court held that § 403 applied to the defendant and offered several justifications for its determination. However, the comparative value of these justifications is extinguished by the fact the *Uriate* defendant faced resentencing following the reversal of a § 924(c) conviction. Here, the Sixth Circuit did not vacate any of Defendant's firearm convictions, so there is no need to unbundle any of Defendant's convictions at resentencing.

The next case cited by Defendant, *United States v. Jackson*, No. 1:15 CR 453-001, 2019 WL 2524786 (N.D. Ohio June 18, 2019), *appeal docketed*, No. 19-3711 (6th Cir. July 29, 2019) is distinguishable for similar reasons. The *Jackson* defendant was convicted of three counts of carjacking and three counts of firearms possession in violation § 924(c). *Id.* at *1. The First Step Act became law while the defendant's direct appeal was pending. Ultimately, the Sixth Circuit vacated one of the defendant's § 924(c) convictions and remanded the case for resentencing. *See United States v. Jackson*, 918 F.3d 467, 494 (6th Cir. 2019). The defendant raised the issue of his eligibility for relief under the First Step Act at resentencing, and the sentencing court, relying on *Uriarte*, held that the First Step Act applied to the defendant. *Jackson*, 2019 WL 2524786, at *2–*3. The sentencing court explained that "although this Court may have 'imposed' a sentence prior to the First Step Act's enactment, that sentence was in essence vacated upon the Sixth Circuit's decision to vacate the conviction and remand for re-sentencing." *Id.* *2. Again, in the instant case, the Sixth Circuit did not vacate any of Defendant's firearm convictions. This fact also distinguishes this matter from another recent case relied upon by Defendant.

Defendant filed a supplemental authority citing *Acosta v. United States*, No. 1:03-CR-00011-MAT, 2019 WL 4140943 (W.D.N.Y. Sept. 2, 2019). In *Acosta*, the court granted the defendant's § 2255 motion to vacate based on *Johnson*-related grounds and vacated his firearm conviction under § 924(c) as well as his convictions for two other predicate offenses. *Acosta*, 2019 WL 4140943, at *9. The court also held that the First Step Act should apply at the defendant's plenary resentencing based on the persuasive precedent of *Brown*, *Jackson*, and *Uriate*.

8

Defendant is not facing plenary resentencing. The scope of the Sixth Circuit's remand is narrow and left undisturbed Defendant's firearm convictions. The First Step Act applies only to defendants whose offense was committed prior to enactment for which a sentence has not been "imposed." The First Step Act does not define the term "imposed," but the Sixth Circuit has recently clarified that a sentence is "imposed" at the moment of oral pronounced by the sentencing court. *See United States v. Davis*, 924 F.3d 899 (6th Cir. 2019). In *Davis*, the district court orally imposed a sentence of life imprisonment during a sentencing hearing. Prior to entering the judgment, the court called for a supplemental sentencing hearing at which it changed the defendant's sentence to 360 months and subsequently entered a written judgment memorializing the 360-month sentence. *Id.* at 902. The Government argued on appeal that the court lacked the authority to modify the defendant's sentence after it orally pronounced the life sentence. Drawing on its past precedent, the Sixth Circuit agreed and clarified that "the sentence was imposed when it was orally pronounced." *Davis*, 924 F.3d at 904 n.4.

The Second, Fourth, and Tenth Circuits have also adopted this definition of "imposed" and held that a sentence is "imposed" at the time of oral pronouncement by the sentencing court. *See United States v. Layman*, 116 F.3d 105, 108 (4th Cir. 1997) ("We conclude that a sentence is imposed for purposes of Rule 35(c) when it is orally pronounced by the district court."); *United States v. Abreu-Cabrera*, 64 F.3d 67, 73 (2d Cir. 1995) ("This Court has assumed, without explicitly addressing the issue, that a sentence is imposed for purposes of Rule 35(c) on the date of oral pronouncement, rather than the date judgment is entered."); *United States v. Townsend*, 33 F.3d 1230, 1231 (10th Cir. 1994). Additionally, the Third Circuit recently applied the same definition

9

while discussing a defendant's eligibility under the First Step. *See United States v. Aviles*, No. 18-2967, 2019 WL 4309665 (3d Cir. Sept. 12, 2019).

In *Aviles*, the defendant appealed the life sentence imposed by the district court pursuant to 21 U.S.C. § 841(b). *Aviles*, 2019 WL 4309665, at *1. The Third Circuit vacated his sentence and remanded the case for resentencing because it found that two of the defendant's prior convictions did not qualify as predicate felony drug offenses. The defendant also raised the issue of his eligibility under § 401 of the First Step Act. Section § 401 of the First Step Act contains identical language to § 403—which is at issue in this case—regarding the section's applicability to pending cases. *Compare* § 401(c), *with* § 403(c). The Third Circuit held that § 401 of the First Step Act did not apply to the defendant because the district court had already "imposed" a sentence against him. The court explained that "Congress did not refer to 'finality,' and imposition and finality are two different concepts. Congress's use of the word 'imposed' thus clearly excludes cases in which a sentencing order has been entered by a district court from the reach of the amendments made by the First Step Act." *Aviles*, 2019 WL 4309665, at *5.[2]

The court is persuaded by the Third Circuit's reasoning in *Aviles* that the First Step Act does not apply to Defendant because a sentence has already been "imposed" against him based on the common usage of the term "imposed" by circuit courts around the country. The court "imposed" a sentence for Defendant's § 924(c) convictions when it orally pronounced a sentence at Defendant's sentencing hearing on December 8,

---

[2] As explained above, the Third Circuit did not consider whether the defendant could argue at resentencing that he was eligible for relief under the First Step Act because that issue was not before the court. *Aviles*, 2019 WL 4309665, at *9 n.8.

10

2016. The Sixth Circuit's most recent order of remand did not disturb Defendant's § 924(c) convictions or sentence. Thus, under the plain language of the statute, the First Step Act does not apply to Defendant at resentencing because the court has already imposed a sentence for Defendant's § 924(c) convictions.

### B. Other Grounds for Variance

In addition to his First Step Act argument, Defendant also highlights several factors under 18 U.S.C. § 3553(a) to justify his request for a variance. Defendant emphasizes his young age at the time of his offense, mental health and substance abuse issues, post-conviction rehabilitation efforts, good behavior in custody, and strong family ties. The court commends Defendant for availing himself of the educational and rehabilitative programs available to him, but the court remains unpersuaded that Defendant's cited justifications support a variance given the seriousness of his crimes. As the court expressed during Defendant's initial sentencing hearing, the increasing escalation of Defendant's violent activity necessitates a lengthy sentence to ensure public safety and promote deterrence. (ECF No. 86, PageID.1081.)

### III. CONCLUSION

Defendant is not eligible for relief under the First Step Act because the court imposed a sentence for his firearm convictions at his last sentencing. The court's sentence for his § 924(c) convictions remains intact following the Sixth Circuit's recent remand; therefore, under the plain language of § 403(b) of the First Step Act, Defendant is not part of the eligible class of offenders entitled to relief. Additionally, the court is not persuaded that a variance is appropriate, considering the serious and violent nature of Defendant's crimes and the need to promote public safety and general deterrence.

11

These findings, however, do not operate as a prohibition on Defendant's right to allocation as to these or other issues (excluding the First Step Act's applicability) and should be read as no more than the court's views based on the arguments presented to date. Accordingly,

IT IS ORDERED that Defendant's Motion for Variance (ECF No. 146) is DENIED. The case will be scheduled for resentencing.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 10, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 10, 2019, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C1 ORDERS\11-20233.HENRY.motion.for.varience.HEK.RHC.3.docx