# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

                Plaintiff,

v.

MICHAEL JEROME HENRY,                    Case No. 11-cr-20233

                Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE AND REDUCTION OF SENTENCE

Pending before the court is Defendant Michael Jerome Henry's motion for compassionate release and reduction in sentence. (ECF No. 176.) The motion has been fully briefed, and the court finds a hearing is not necessary. E.D. Mich. L.R. 7.1(f)(1)–(2). For the reasons stated below, the court will deny the motion.

## I.  BACKGROUND

This case has a tortured procedural history. After two jury trials, three appeals, and four sentencing hearings, Defendant stands guilty of three counts of bank robbery, 18 U.S.C. § 2113, and three related counts of using or carrying a firearm during a crime of violence, 18 U.S.C. § 924(c).[1] (ECF No. 175.) Most recently, on November 18, 2021, Defendant was resentenced to a term of incarceration for a total of 240 months—60

_____

[1] Defendant was found guilty by a jury on all six counts of the First Superseding Indictment on October 18, 2013. (ECF No. 56.) He appealed. (ECF No. 69.) On August 15, 2014, the Sixth Circuit Court of Appeals reversed two of Defendant's convictions (Counts 4 and 6) while affirming four (Counts 1, 2, 3, and 5), thereby prompting the need for further proceedings. (ECF Nos. 90 & 91.) On July 27, 2016, a second jury found Defendant guilty of Counts 4 and 6. (ECF No. 110.)

months per each count of bank robbery, to run concurrently with one another, and 60 months per each count of using or carrying a firearm during a crime of violence, to run mandatorily consecutive to each other and to all other counts. (Id.) Defendant's current projected date of release is May 11, 2028.

In his motion filed on March 16, 2022, roughly four months after his fourth resentencing, Defendant argues that the public health crisis presented by the Coronavirus Disease ("COVID-19") while incarcerated in harsh conditions at FCC Terre Haute, combined with his underlying health issues and family circumstances, justify his immediate release. (ECF No. 176.) The government opposes Defendant's motion, maintaining that he fails to demonstrate both that an extraordinary and compelling reason permitting relief exists and that the relevant sentencing factors justify his release. (ECF No. 178.)

## II. STANDARD

The federal compassionate release statute has "three substantive requirements." *United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021). First, the court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Second, the sentencing factors provided under 18 U.S.C. § 3553(a) must weigh in favor of a sentence reduction. Third, a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* When a prisoner moves for compassionate release himself, as in this case, there is no applicable policy statement issued by the Sentencing Commission, and the third requirement is ignored. *United States v. Jones*, 980 F.3d 1098, 1110-11 (6th Cir. 2020); *United States v. Elias*, 984 F.3d 516, 519-20

(6th Cir. 2021). Nevertheless, to obtain compassionate release, a prisoner must present "extraordinary and compelling" circumstances and must have § 3553(a)'s sentencing factors weighing in his favor. 18 U.S.C. § 3582(c)(1)(A); see *Jones*, 980 F.3d at 1108, 1111 (holding that a court has "full discretion to define 'extraordinary and compelling'" and must "determine whether, in its discretion, [a] reduction . . . is warranted" under § 3553(a)).

### III. DISCUSSION

#### A. Extraordinary and Compelling Reasons

Defendant's circumstance is neither "extraordinary" nor "compelling." 18 U.S.C. § 3582(c)(1)(A). "[W]hen Congress enacted the statute in 1984, 'extraordinary' was understood to mean 'most unusual,' 'far from common,' and 'having little or no precedent.'" *United States v. Hunter*, 12 F.4th 555, 562 (6th Cir. 2021), *cert. denied,* 142 S. Ct. 2771 (2022) (citing Webster's Third New International Dictionary: Unabridged 807 (1971)). Meanwhile, "'[c]ompelling' meant 'forcing, impelling, driving.'" *Id.*

In his original motion, Defendant cites harsh prison conditions, his medical issues, and his family circumstances amid the COVID-19 pandemic as extraordinary and compelling reasons justifying compassionate release. (ECF No. 176.) Specifically, as it relates to his health, Defendant asserts that he suffers from obesity, bipolar disorder, depression, asthma, high cholesterol, gastro-esophageal reflux, sleep apnea, and tumors near his spinal cord, all of which put him at higher risk of severe complications from COVID-19. (Id.) However, Defendant also indicates that he recovered from COVID-19 three times and is now vaccinated, with two bouts of the infection occurring pre-vaccination and one occuring post-vaccination. (Id.) Defendant

3

details as well the medical issues of four of his family members, requesting that the court consider their illnesses, and Defendant's intent to care for them if released, in ruling on his motion. (Id.; ECF No. 179, PageID.2447) In his reply brief, Defendant provides additional arguments related to the Bureau of Prison's ("BOP") inability to properly care for inmates at FCC Terre Haute, as evinced by a COVID-19 outbreak involving the infection of more than one thousand prisoners, citing excerpts from the April 15, 2021 Senate Judiciary Hearing regarding oversight of the BOP as support. (ECF No. 179, PageID.2440–41.) He also asserts that, in light of studies related to the effects of "long Covid-19," his health is not stable due to his high risk of further complications and the improper monitoring he receives from BOP medical staff. (Id. at PageID.2442–45.) As support, Defendant provides a list of cases—all from 2020— wherein other defendants were released despite having already contracted COVID-19 due to ongoing threats to their health. (Id. at PageID.2443–45.)

The Centers for Disease Control and Prevention ("CDC") advise that "COVID-19 vaccines are effective at preventing severe disease, hospitalization, and death." Centers for Disease Control and Prevention, *COVID-19 Vaccines Work* (Jun. 28, 2022). Moreover, "[s]ubstantial immunologic evidence and a growing body of epidemiologic evidence indicate that vaccination after infection significantly enhances protection and further reduces risk of reinfection." Centers for Disease Control and Prevention, *SAR-CoV-2 Infection-induced and Vaccine-induced Immunity* (Oct. 29, 2021).

The Sixth Circuit has been clear that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction."

4

*United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citation omitted); *United States v. Traylor*, 16 F.4th 485, 487 (6th Cir. 2021) (same); *see also United States v. McKinnie*, 24 F.4th 583, 588 (6th Cir. 2022) (noting that "absent extenuating circumstances not present here, ... the COVID-19 pandemic, with COVID-19 vaccinations now available to federal prisoners" is not an " 'extraordinary and compelling reason' justifying a sentencing reduction") (citations omitted); *United States v. Fowler*, No. 21-5769, 2022 WL 35591, at *2 (6th Cir. Jan. 4, 2022) (rejecting the prisoner's "argument that an elevated risk of COVID-19 can still meet the 'extraordinary and compelling' requirement of § 3582(c)(1)(A)(i) despite the widespread availability of the vaccine"); *United States v. Sweet*, No. 21-1477, 2021 WL 5371402, at *3 (6th Cir. Nov. 18, 2021) (finding that a "district court abuse[d] its discretion by granting a sentence reduction under Section 3582(a) when the inmate largely faces the same risk from COVID-19 as those who are not incarcerated after being vaccinated") (quotations omitted). Federal courts "have routinely held that extraordinary and compelling circumstances are lacking and a compassionate release is not warranted based on the threat of Covid-19 alone when a vaccine is available." *United States v. Browder*, No. 13-20917, 2022 WL 2898632, at *2 (E.D. Mich. July 21, 2022) (citing cases); *United States v. Washington*, No. 17-20683, 2022 WL 2678518, at *3 (E.D. Mich. July 11, 2022) (same); *see e.g., United States v. Smith*, No. 10-CR-20566, 2022 WL 3230423, at *2 (E.D. Mich. Aug. 10, 2022); *United States v. Stewart,* No. 17-CR-20756, 2022 WL 3145951, at *2 (E.D. Mich. Aug. 5, 2022); *United States v. Bates,* No. 16-CR-20280, 2022 WL 3137415, at *2 (E.D. Mich. Aug. 5, 2022); *United States v. Mukherjee*, No. 4:4-CR-50044-1, 2022 WL 2703955, at *3 (E.D. Mich. July 12, 2022).

Defendant's situation here is no different. While he argues that he receives inadequate care for his medical conditions, Defendant's narrative and his medical records suggest the opposite, as they denote his receipt of multiple medications daily to manage his health. (ECF No. 175); *see United States v. Drummond*, No. 21-3625, 2022 WL 2661593, at *2 (6th Cir. Feb. 14, 2022) (denying compassionate release in part because the defendant never alleged that his asthma and hypertension were not "well-managed"); *United States v. Gray*, 855 Fed. Appx. 281, 283 (6th Cir. 2021) (affirming denial of compassionate release request based on health conditions including obesity, stating "[g]iven that Gray had failed to present any evidence that his obesity was poorly managed or had any impact on his health, the district court was unable to find an extraordinary and compelling reason to warrant a sentence reduction"). Moreover, as the court will explain below, the court was fully apprised of Defendant's medical conditions at his November 18, 2021 resentencing. Defendant has not articulated a change in his medical conditions or offered new literature with respect to COVID-19 that differs from what the court had at its disposal at his resentencing.

Accordingly, extraordinary and compelling reasons do not exist to warrant granting Defendant compassionate release from prison or a reduction of sentence.

### B.  § 3553(a) Sentencing Factors

Title 18 U.S.C. § 3553(a) provides that "[a] court, in determining the particular sentence to be imposed, shall consider[:]"

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established . . .

(5) any pertinent policy statement . . .

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

"[D]istrict courts have 'broad discretion to determine what sentence will serve § 3553(a)'s statutory objectives.'" *United States v. Kincaid*, 805 F. App'x 394, 394 (6th Cir. 2020) (quoting *United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009)) (affirming a district court's denial of compassionate release after consideration of § 3553(a) sentencing factors); *see also United States v. Allen*, 819 F. App'x 418, 418 (quotation removed) ("In a compassionate release proceeding, as at sentencing, the district court is best situated to balance the § 3553(a) factors."). "[A] defendant's disagreement with how the district court balanced the § 3553(a) factors in denying compassionate release is not a sufficient ground for reversal." *United States v. Austin*, 825 F. App'x 324, 327 (6th Cir. 2020) (quotations removed).

While he "agree[s] and understands that the seriousness of his offense and past conduct weigh against his early release under § 3553(a)," Defendant nevertheless

argues that all remaining factors should be balanced in his favor. (ECF No. 179, PageID.2445–47.) Given the court's finding with respect to the lack of extraordinary and compelling reasons warranting release, the court need not and will not address the sentencing factors under 18 U.S.C. § 3553(a). However, the court will note that it previously considered the factors four times over the course of Defendant's case, most recently on November 18, 2021. The record is clear that at each and every sentencing the court reviewed the parties' presentence reports and arguments addressing the factors, and the court also detailed its reasonings based on these factors underlying the imposed sentence. (ECF No. 86, 132, 163.) At this juncture, even if the court were to engage with § 3553(a)'s factors a fifth time, Defendant presents nothing new for the court's consideration.

## IV. CONCLUSION

The health risks posed by COVID-19 do not present an extraordinary and compelling circumstance that justify a release from incarceration. As such, and because the exact same information was before the court when it resentenced Defendant less than one year ago, Defendant's request for compassionate release and early discharge must be denied. Accordingly,

IT IS ORDERED that Defendant's motion for compassionate release and reduction in sentence (ECF No. 176) is DENIED.


                                            s/Robert H. Cleland        /
                                            ROBERT H. CLELAND
                                            UNITED STATES DISTRICT JUDGE

Dated: November 15, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 15, 2022, by electronic and/or ordinary mail.

s/Lisa Wagner_____/
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\EKL\Opinions & Orders\Criminal\11-20233.HENRY.CompassionateRelease.EKL.docx